UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEST CONGRESS STREET PARTNERS, LLC,

    Plaintiff,

vs.                                                  Case No. 16-10480

THOMAS J. RYAN,                             HON. AVERN COHN

    Defendant.

_____/

WEST CONGRESS STREET PARTNERS, LLC,

    Plaintiff,

vs.                                                  Case No. 16-10482

RIVERTOWN HOLDINGS, LLC, a Michigan       HON. AVERN COHN
limited liability company, RIVERTOWN
DEVELOPMENT, LLC, a Michigan limited
liability company, JOHN DOE OF THE
DETROIT POLICE DEPARTMENT, an
individual, THE DETROIT POLICE
DEPARTMENT, and MARK REITH, an
individual,

Jointly and severally,

    Defendants.

_____/

## **DECISION**[*]

---

[*] This is an elaboration of remarks made at a hearing on June 22, 2016, at which the Court dismissed the case.

## I.     INTRODUCTION

This is a landlord-tenant case.  West Congress Street Partners, LLC (West Congress) was the tenant of Rivertown Holdings, LLC, Rivertown Development, LLC, and Mark Reith (Rivertown), and operated a restaurant on the rental premises. Rivertown brought an eviction proceeding against West Congress in the Wayne County Circuit Court.  In the course of the eviction proceeding, Thomas Ryan (Ryan) was appointed receiver.

There are two cases pending before the Court, case number 16-10480 (receiver case) in which Ryan is the defendant, and case number 16-10482 (Rivertown case) in which Rivertown is a defendant.[1]  In both cases, West Congress seeks damages for an alleged conspiracy between Rivertown, Ryan, and others to force West Congress out of the restaurant property for discriminatory and retaliatory reasons.[2]

In the receiver case, West Congress filed a multi-count complaint essentially claiming racial animus on the part of Ryan.  In the Rivertown case, West Congress filed a four-count complaint essentially claiming that Rivertown was motivated by racial animus in pursuing the eviction.  Rivertown and Ryan have each moved to dismiss.

## II.     BACKGROUND

These two cases arise out of a landlord-tenant dispute, which began in the Wayne County Circuit Court in an eviction proceeding and ended in the termination of a tenancy and a cash payment by Rivertown to West Congress as part of a mutually

---

[1] West Congress also names as defendants the Detroit Police Department and an unnamed police officer.  The City of Detroit filed an answer to the complaint on behalf of these defendants, (Doc. 9), and did not join in the pending motion to dismiss.

[2] West Congress's owner Darnell Small is African American.

2

accepted case-evaluation award.  Ryan was appointed receiver during a portion of the eviction proceedings.

Rivertown filed the eviction action in the Circuit Court on the grounds that West Congress had breached the tenancy by altering the restaurant property without Rivertown's approval and failed to make monthly rent payments on time.  The Circuit Court appointed Ryan as receiver to ensure that the restaurant property was properly maintained during the eviction proceeding.

Ryan also was designated as a facilitator and, if facilitation efforts failed, to act as a case evaluator.  After facilitation was unsuccessful, Ryan conducted an evaluation and recommended an award.  The award dated April 13, 2015, provided that West Congress receive $125,000 and vacate the premises within 90 days.  The award was accepted by West Congress and Rivertown.

Something went awry.  Rivertown apparently tried to jumpstart the eviction before the 90-day period expired.  In the 90-day period there was an effort to evict West Congress.  The eviction was stayed so West Congress would have the benefit of the full 90 days of the award.  Within that period, West Congress and Rivertown got into an argument over how Ryan was to be paid.

The Circuit Court put a stop to the eviction.  The Circuit Court also directed that the $125,000 award be paid to the receiver, to be held in escrow, and directed West Congress and Rivertown to split the expenses of the receivership.  The expenses of the receivership were roughly $38,000.

Eventually, West Congress moved out and the tenancy terminated. The sum of $19,000 was deducted from the $125,000 award to go toward payment of the receivership expenses. Rivertown paid the other half.

On September 11, 2015, Ryan was discharged by the Circuit Court. In the order discharging him, the Circuit Court (1) made a finding that he faithfully performed his duties, and (2) canceled his bond. There was no effort to surcharge Ryan as receiver for misfeasance or malfeasance.

On October 30, 2015, the balance of the $125,000 award was ordered paid to West Congress. The Circuit Court said this resolved the last pending claim and closed the eviction proceeding. West Congress was paid the balance of the $125,000.

### III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the complaint which are central to plaintiff's claims, and

(2) other matters of which a court may properly take notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). As such, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner*, 108 F.3d at 89 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (alteration omitted). Here, the Court has considered documents—mostly, state court records and orders—that are attached to the motions to dismiss, referenced in the complaints, and central to West Congress's claims against Rivertown and Ryan.

## IV. DISCUSSION

### A. Receiver Case

In Michigan, a non-judicial official is entitled to quasi-judicial immunity if he or she acts pursuant to a court appointment "as an arm of the court" and "performed a function integral to the judicial process." *Diehl v. Danuloff*, 242 Mich. App. 120, 132-33 (Mich. Ct. App. 2000) (quotations and citation omitted). Likewise, under federal law, state officials "whose duties are related to the judicial process" are shielded from personal liability "when they, without malice or corrupt motive, carry out orders of a court." *Smith v. Martin*, 542 F.2d 688, 690-91 (6th Cir. 1976).

Ryan as receiver cannot be charged in a civil rights action; he was an arm of the court. The Circuit Court found that Ryan performed his duties and canceled his bond. There was no objection raised to anything he did prior to his discharge as receiver.

West Congress's claims against Ryan stem from his role as receiver during the eviction proceeding. Ryan's actions were pursuant to Circuit Court orders. Ryan is entitled to immunity.[3]

### B. Rivertown Case

Here, West Congress accepted the $125,000 damages award and the termination of the tenancy. There is nothing in the papers, or the record of the eviction proceeding, to suggest that West Congress is willing to tender back the money it agreed to accept.

While the complaint describes a sequence of acts in the course of the eviction, the only allegation of race as a factor in Rivertown's actions is the conclusionary statement in Paragraph 20 of the complaint: "Defendants played a substantial role in the egregious acts of misconduct that took place in this complex conspiracy to evict an African-American Tenant and replace Plaintiff with a Caucasian-owned and operated bar/restaurant/brewery, in the City of Detroit." This is too spartan an allegation to allow the case to proceed.

As to a conspiracy of race discrimination and retaliation, there are no facts alleged to support the claim that Rivertown agreed or coordinated with others in pursuing its interest as a landlord to enforce the rental agreement. The complaint does not allege circumstances or statements or conduct by Rivertown from which to infer a racial or retaliatory motive. As to the breach-of-contract claim, it was not a violation of

---

[3] In light of dismissal on the ground of immunity, it is unnecessary to consider Ryan's defenses based on: (1) the *Rooker-Feldman* doctrine, (2) the need to obtain court leave to sue a judicially appointed receiver, and (3) collateral estoppel.

the case-evaluation award for Rivertown to comply with a Circuit Court order of eviction. West Congress's case against Rivertown fails to state an actionable claim.[4]

                                                            s/Avern Cohn
                                                            AVERN COHN
                                                            UNITED STATES DISTRICT JUDGE

Dated:  June 30, 2016
       Detroit, Michigan

---

[4] Given the Court's conclusion that the complaint fails to state an actionable claim, the Court does not address Rivertown's other claims for dismissal under: (1) the *Rooker-Feldman* doctrine, (2) *res judicata*, and (3) collateral estoppel.