UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEST CONGRESS STREET PARTNERS, LLC,

    Plaintiff,

v.                                                                                                                  Case No. 16-10482

WAYNE COUNTY, JOHN DOE of THE WAYNE                                HON. AVERN COHN
COUNTY SHERIFF'S DEPARTMENT, THE CITY OF
DETROIT, IVAN LUCKEY, JUSTIN TAITE, AUSTIN
HUNTER, DENNIS SMITH, RANDY McGHEE,
AUSTON CARR and WILLIE ROBINSON,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT, (Docs. 44, 46), and DISMISSING STATE-LAW CLAIMS***

### I.    INTRODUCTION

#### A.    Case and Parties

This is a civil rights case.[1]  Plaintiff West Congress Street Partners, LLC was a commercial tenant of a rental premises in Detroit.  Plaintiff operated a restaurant on the premises.

---

* Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  See E.D. Mich. LR 7.1(f)(2).

[1] Plaintiff asserts pendent state-law claims as well as a federal claim.  The Court declines to exercise supplemental jurisdiction over the state-law claims, 28 U.S.C. § 1367(c)(3).  Accordingly, the state-law claims are DISMISSED.

Plaintiff was evicted from the premises for a default of its lease pursuant to an eviction order by the Wayne County Circuit Court. Plaintiff is suing various law enforcement agencies and personnel for allegedly violating its constitutional rights in the execution of the eviction order.

Plaintiff names as defendants the Wayne County Sheriff's Department, John Doe of the Wayne County Sheriff's Department, the City of Detroit, and Detroit Police Department Officers Ivan Luckey (Luckey), Justin Taite (Taite), Austin Hunter (Hunter), Dennis Smith (Smith), Randy McGhee (McGhee), Auston Carr (Carr) and Willie Robinson (Robinson).

A stipulated order changing the name of defendant "the Wayne County Sheriff's Department" to "Wayne County" has previously been entered, (Doc. 41).

### B. Pending Motions and Disposition

Before the Court are motions to dismiss by Wayne County, (Doc. 44), and by the City of Detroit and Officers Luckey, Taite, Hunter, Smith, McGhee, Carr and Robinson, (Doc. 46). For the reasons below, the motions are GRANTED. The case is CLOSED.

### II. BACKGROUND

### A. Factual

The Court's order of June 30, 2016 recites generally the background of the case, (Doc. 16 at 2-4).

In 2014, Plaintiff's landlord filed an eviction action in the Wayne County Circuit Court for non-payment of rent and alteration of the restaurant premises. Plaintiff contested the landlord's right to evict it. A receiver was appointed by the Circuit Court to ensure the premises was maintained during the progress of the case.

To resolve the eviction case, the parties agreed to a case-evaluation award of $125,000 if plaintiff vacated the premises within 90 days.  Before the 90 days expired, the landlord pursued an eviction against plaintiff.  An order of eviction was signed by the Circuit Court on May 15, 2015.  The same day, there was an attempt to execute it.

The eviction order later was set aside to give plaintiff the benefit of the full 90 days.  Plaintiff eventually moved out.

### B. Procedural

#### 1. Dismissal of Complaint Against the Landlord and Receiver

Initially, plaintiff filed a multi-count complaint against the receiver (case no. 16-10480, doc. 1), and landlord, (case no. 16-10482, doc. 3).

In each complaint, plaintiff asserted a "complex conspiracy to evict an African-American Tenant and replace Plaintiff with a Caucasian-owned and operated bar/restaurant," (case no. 16-10480, doc. 1 ¶ 69; case no. 16-10482, doc. 3 ¶ 20).

In the landlord case, plaintiff named as defendants "the Detroit Police Department" and "John Doe of the Detroit Police Department," (case no. 16-10482, doc. 3 at 1).  Plaintiff asserted various unnamed police officers were liable under 42 U.S.C. §§ 1985 and 1986 because they "assisted" in a wrongful eviction and conspired with the landlord and receiver to evict plaintiff based on race, (*id.* at 5-7).

The receiver and landlord moved to dismiss, (case no. 16-10480, doc. 6; case no. 16-10482, doc. 11).  Although the City of Detroit answered the complaint, (case no. 16-10482, doc. 9), it did not join in the motion to dismiss, (*id.*, doc. 11).

The Court granted the motions, (case no. 16-10480, docs. 11, 12; case no. 16-10482, docs. 15, 16), finding that the receiver acted as "an arm of the court" entitled to quasi-judicial immunity.  As to the landlord, the Court stated, (Doc. 16 at 6):

> While the complaint describes a sequence of acts in the course of the eviction, the only allegation of race as a factor in Rivertown's actions is the conclusionary statement in Paragraph 20 of the complaint: "Defendants played a substantial role in the egregious acts of misconduct that took place in this complex conspiracy to evict an African-American Tenant and replace Plaintiff with a Caucasian-owned and operated bar/restaurant/brewery, in the City of Detroit."  This is too spartan an allegation to allow the case to proceed.
>
> As to a conspiracy of race discrimination . . . , there are no facts alleged to support the claim that Rivertown agreed or coordinated with others in pursuing its interest as a landlord to enforce the rental agreement.  The complaint does not allege circumstances or statements or conduct by Rivertown from which to infer a racial . . . motive. . . . West Congress's case against Rivertown fails to state an actionable claim.

### 2. Filing of the Second Amended Complaint

Plaintiff then filed a second amended complaint against the individual and municipal defendants named above, (Doc. 33).

The text of the second amended complaint largely mirrors the language of the initial complaints against the landlord and receiver.  For instance, plaintiff re-asserts a "complex conspiracy to evict an African-American Tenant and replace Plaintiff with a Caucasian-owned and operated bar/restaurant/brewery, in the City of Detroit."  (Doc. 33 ¶ 22).  However, the second amended complaint omits language from the initial complaints.  For example, plaintiff had alleged previously that its principal was Darnell Small, an African American male, (case no. 16-10480, doc. 1 ¶¶ 8, 42; case no. 16-10482, doc. 3 ¶ 29).  The second amended complaint does not state that, (*see* Doc. 33).

Plaintiff says in the second amended complaint that the individual defendants are liable under §§ 1985 and 1986 because they "assisted" in a wrongful eviction, (Doc. 33 ¶¶ 12-13), and conspired with the landlord and receiver to evict plaintiff based on race, (*id.* ¶¶ 20, 24-26).

Plaintiff alleges that the individual defendants went to the premises and executed the eviction order, (*id.* ¶ 14).[2] Plaintiff alleges it had to vacate the premises and that the locks were changed; money was taken from the cash register, food left to spoil, the utilities left on, and the stove left running (causing its destruction), (*id.*).

The allegations of the second amended complaint concerning the acts of the municipal defendants are not particularly described.

### III. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[2] The named defendants say a court officer executed the eviction order and they arrived in response to a 911 call for police presence during the eviction, which was scheduled at the same time as a public event outside the restaurant. For purposes of the motions, the Court assumes the truth of plaintiff's version of events.

5

In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the pleadings which are central to plaintiff's claims, and (2) other matters of which a court may properly take notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

Here, the Court has considered the second amended complaint and the May 15, 2015 order of eviction which it references, (Doc. 46-3), under the foregoing standard.

## IV.   DISCUSSION

### A.

At the outset, there are gross facial deficiencies in the allegations of the second amended complaint. The allegations do not connect the corporate plaintiff with a person whose race motivated the eviction. Plaintiff does not describe any particular sheriff's deputy present during the eviction. Plaintiff names as defendants Wayne County and the City of Detroit. However, the basis for including a claim of municipal liability is set in *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible . . . .").

### B.

The second amended complaint fails to allege an actionable claim against any of the individual defendants. Plaintiff does not describe each of the individual defendants'

role in carrying out the eviction. *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) ("Each defendant's liability must be assessed individually based on his own actions.").

### C.

There was a facially valid order of eviction, (*see* Doc. 46-3). The generalized presence of sheriff's deputies and police officers at the scene of an eviction is not *per se* a basis for liability under §§ 1985 or 1986.

### D.

In sum, there are no facts alleged from which to conclude the individual defendants were part of a conspiracy to evict plaintiff based on race, presumably the race of its owner. *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) ("[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").

### E.

Plaintiff's claims are insufficient as a matter of law. As a consequence, the second amended complaint is DISMISSED.

SO ORDERED.

                                                    s/Avern Cohn
                                                    AVERN COHN
                                                    UNITED STATES DISTRICT JUDGE

Dated: July 24, 2017
       Detroit, Michigan